UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL E. MURPHY, Individually; and
EMILY MURPHY, Individually;                                    PLAINTIFFS

v.                                        CIVIL ACTION NO. ___3:20-cv-497-DPJ-FKB___

SWIFT TRANSPORTATION CO., LLC,
a foreign corporation;
TERRY L. HERMANN; and individual; and
FICTITIOUS DEFENDANTS A-DD;                                    DEFENDANTS

**<u>NOTICE OF REMOVAL</u>**

TO:     Oby T. Rogers
        Post Office Box 700
        Collins, Mississippi 39428

        Cooper Ellenberg
        1401 Doug Baker Boulevard
        Suite 107 492
        Birmingham, Alabama 35242

        Donna Jill Johnson, Clerk
        Lauderdale County Circuit Court
        500 Constitution Avenue
        1st Floor
        Meridian, Mississippi 39301

Defendants, Swift Transportation Co. LLC ("Swift") and Terry L. Hermann

("Hermann," collectively "Defendants") by and through counsel, files their Notice of

Removal pursuant to 28 U.S.C. § § 1332, 1441, and 1446, and in support of this removal,

Defendant respectfully submits as follows:

        1.     Plaintiffs filed their Complaint on or about June 10, 2020, in the Circuit

Court of Lauderdale County, Mississippi.  The Complaint was docketed in that court as

*Michael E. Murphy, Individually; and Emily Murphy, Individually v. Swift Transportation*

*Co., LLC, a foreign corporation; Terry L. Hermann, and individual; and Fictitious Defendants A-DD,* Cause No. 20-CV-074(C10). *Exhibit A – Complaint.*

2.      The United States District Court for the Southern District of Mississippi, Northern Division, embraces the county in which the State Court Action is now pending. Therefore, removal is proper to this Court pursuant to 28 U.S.C. §§1049b)(3) and 1441(a).

3.      As set forth below, this Court has original subject matter jurisdiction of this civil motion pursuant to 28 U.S.C. §§1332 and 1441 because there is complete diversity of citizenship between Plaintiff and all properly joined Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### Removal is Based on Diversity Jurisdiction

4.      Citizenship of the parties is determined as of the time the Complaint is filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, §41 U.S. 567, 571. (2004).

5.      According to the Complaint, Plaintiffs Michael E. Murphy and Emily Murphy are residents of the State of Mississippi. *Exhibit A – Complaint at ¶¶ 1-2.*

6.      Swift Transportation Co., LLC, presently known as Swift Transportation Co, of Phoenix, LLC, is a single-member LLC, organized in the State of Delaware with its principal place of business in the State of Arizona. Swift Transportation Company is the sole member and manager of Swift Transportation Co, LLC. *Exhibit B – Affidavit of Anne Rowell.* Swift Transportation Company, presently known as Knight-Swift Transportation Holdings, Inc. is a foreign corporation incorporated in the State of Delaware with its principal place of business in the State of Arizona. *Ex. B.*

7.     Defendant Terry Hermann ("Hermann") was driving under the motor carrier authority of Swift Transportation Co. of Arizona, LLC, at all relevant times in the Plaintiff's Complaint.

8.     Named Defendant Swift Transportation Co., LLC, is a separate legal entity from Swift Transportation Co., LLC, that has no relationship to the matter field by the Plaintiffs and further was not the motor carrier involved in this accident. *Ex. B.*

9.     Swift Transportation Co. of Arizona, LLC, is a foreign corporate entity, organized in the state of Delaware, with its principal place of business located in Phoenix, Arizona. Swift Transportation Co. of Arizona, LLC, is a single-member LLC, with Swift Transportation Co., LLC as the sole member and manager as reflected by the Arizona Secretary of State's Corporation records. *Ex. B.*

10.    A limited liability company is a citizen of each state in which its members are citizens. *Greenville Imaging, LLC v. Washington Hosp. Corp.*, 326 F. App'x 797, 798 (5th Cir. 2009).  The sole member of the correct Defendant, Swift Transportation Co. of Arizona, LLC, is also a limited liability company with citizenship in Arizona and Delaware. That company's sole member is also a citizen of Arizona and Delaware.

11.    Hermann is a resident citizen of Kentucky. *Ex. A,* at p. 1; *Ex. B.,* at p. 2.

12.    Accordingly, this controversy is wholly between Plaintiffs, both citizens of Mississippi, and Defendants, Swift Transportation Co., LLC, a corporate citizen of Delaware and Arizona and Hermann, a citizen of Kentucky.  There is complete diversity of citizenship between the Plaintiffs and the Defendants.

13.     While the Plaintiffs' Complaint does not allege a specific dollar amount of damages, the Plaintiffs seeks recovery of compensatory damages as well as punitive damages. *Ex. A,* at p. 14.

14.     It is well-settled that claims for punitive damages are included in the calculation of the amount in controversy. *Brasell v. Unumprovident Corp.*, No. 2:01CV202-D-B, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *Myers v. Guardian Life Ins. Co. of America, Inc.,* 5 F.Supp.2d 423, 428–29 (N.D.Miss.1998).

15.     Federal courts in Mississippi "have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Id. See also, Sun Life Assur. Co. of Canada (U.S.) v. Fairley,* 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007)("an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum."); *Tubre v. Southern,* 2015 WL 13402817, at *2 (S.D. Miss. 2015)(same); *Adams v. Royal Neighborhood of Am.,* 2014 WL 11444150, at *2 (S.D. Miss. 2014)(same); *Montgomery v. First Family Fin. Servs., Inc.,* 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002)(same); *Farris v. Bevard,* 2015 WL 3885501, at *2 (S.D. Miss. 2015)(same); *Parker v. CitiMortgage, Inc.,* 2015 WL 2405168, at *2 n.3 (S.D. Miss. 2015)(same); *Credit Acceptance Corp. v. Fortenberry,* 2012 WL 3095296, at *2 (S.D. Miss. 2012); *Colony Ins. Co. v. Ropers of Hattiesburg, LLC,* 2011 WL 1226095, at *3 (S.D. Miss. 2011)(same); *Haney v. Cont'l Cas. Co.,* 2008 WL 5111021, at *1 (S.D. Miss. 2008)(same).

16.     In order to show that the jurisdictional amount has not been met, Plaintiff must show with legal certainty that the recovery will not exceed the amount stated in the complaint. *De Aguilar v. Boeing Co.,* 47 F.3d at 1410 (5th Cir.1995). Then, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S.283, at 289).

17.     Pursuant to the provisions of Title 28 U.S.C. §1441 et seq., this civil action is removable by the Defendant.

### *Timeliness of Removal*

18.     This Notice of Removal, therefore, is timely filed under 28 U.S.C. §1446(b)(1) within thirty (30) days after the receipt of the initial pleading by Defendants from which Defendants could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. §1446(b). Swift Transportation Co., LLC was served with process on July 17, 2020. Hermann was service of process on July 23, 2020.

19.     Both Defendants consent to removal and join in this notice.

20.     In accordance with 28 U.S.C.A. § 1447(b), Defendants will submit a copy of the state court pleadings.

21.     Contemporaneously with the filing of the original notice of removal, Defendant filed a copy of the same with the Clerk of the Circuit Court of Lauderdale County, Mississippi, in accordance with 28 U.S.C.A. § 1446(d).  Additionally, written notice of this Amended Notice of Removal is being given to Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Defendant Swift Transportation Co. LLC, and Terry L. Hermann respectfully request that this Court proceed with the handling

of this case as if it had been originally filed herein.  Defendant also respectfully requests

such other relief as this Court deems just.

        This the 3rd day of August, 2020.

Respectfully submitted,

SWIFT  TRANSPORTATION  CO.,
LLC and TERRY L. HERMANN

By Their Attorneys

DunbarMonroe, PLLC


_____s/ David C. Dunbar_____
David C. Dunbar
Christopher G. Dunnells


OF COUNSEL:
David C. Dunbar (MSB #6227)
Christopher G. Dunnells (MSB #105029)
DunbarMonroe, PLLC
270 Trace Colony Park, Suite A
Ridgeland, MS 39157
Telephone: (601) 898- 2073
Facsimile: (601) 898-2074
Email:  dcdunbar@dunbarmonroe.com
        cdunnells@dunbarmonroe.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Defendants, hereby certifies that I have this day filed the Notice of Removal with the Court's electronic case filing system and that upon the filing of the Notice, I have served a true and correct copy of same to:

Oby T. Rogers
Post Office Box 700
Collins, Mississippi 39428

and

Cooper Ellenberg
1401 Doug Baker Boulevard
Suite 107 492
Birmingham, Alabama 35242
*Counsel for Plaintiffs*

Donna Jill Johnson, Clerk
Lauderdale County Circuit Court
500 Constitution Avenue
1st Floor
Meridian, Mississippi 39301

This the 3rd day of August, 2020.

*s/ David C. Dunbar*
David C. Dunbar
Christopher G. Dunnells