IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

MICHAEL E. MURPHY, Individually; and,
EMILY MURPHY, Individually;

                          PLAINTIFFS

VERSUS                                       CAUSE NO.: 20-CV-074(CW)

SWIFT TRANSPORTATION CO., LLC,
a foreign corporation;
TERRY L. HERMANN; an individual; and
FICTITIOUS DEFENDANTS A-DD;

                          DEFENDANTS

## COMPLAINT

### PARTIES

1. Plaintiff, Michael E. Murphy is an adult resident citizen of Lauderdale County, Mississippi.

2. Plaintiff, Emily Murphy, is an adult resident of Lauderdale County, Mississippi.

3. All persons identified in Paragraphs 1-2 above may, at times herein, be collectively referred to hereinafter as "Plaintiffs".

4. Defendant, Terry L. Hermann, (hereinafter "Hermann"), is an adult resident citizen of ▇ and may be served at his home at ▇. Defendant Hermann was an employee truck driver for Defendant Swift Transportation Co., LLC at the time of the incident made the basis of this complaint.

5. Defendant, Swift Transportation Co., LLC, (hereinafter "Swift"), is a foreign corporation headquartered at 2200 South 75th Avenue in Phoenix, Arizona, 85043. Swift's principal place of business is in Phoenix, Arizona. Swift may be served with process through its

1

EXHIBIT A

registered agent for such purpose, National Registered Agents, Inc., 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Defendant Swift was an employer of Defendant Hermann at the time of the incident made the basis of this complaint.

  6. There may be other entities whose true names and identities are unknown to the Plaintiffs at this time who may be legally responsible for the claim(s) set forth herein, and who may be added by amendment when their true names and identities are ascertained by. Until such time, the Plaintiff will designate these parties in accordance with *Miss. R. Civ. P. 9(h)*. The word "entity" as used herein is intended to refer to any and all legal entities, including individual persons, any and all forms of partnerships, any and all types of corporations, and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity." In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

  A. whether singular or plural, the correct legal name of Terry L. Hermann;

  B. whether singular or plural, the correct legal name of Swift Transportation Co., LLC;

  C. whether singular or plural, the correct Swift Transportation Co., LLC parent or subsidiary that is the real party in interest in this case

  D. whether singular or plural, the entity or entities who or which was the operator of the commercial motor vehicle which collided with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

  E. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly operated the commercial motor vehicle which collided with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

2

F.  whether singular or plural, the entity or entities who or which was the employer of the person who was the operator of the commercial motor vehicle which collided with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

G.  whether singular or plural, the entity or entities for whom Terry L. Hermann was acting as an agent, servant, or employee on the occasion of the incident made the basis of this lawsuit;

H.  whether singular or plural, the entity or entities who or which owned, leased or rented the commercial motor vehicle which was involved in the incident made the basis of this lawsuit;

I.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly operated a commercial carrier with inadequate safety management controls;

J.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

K.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly entrusted chattel, property, freight, or goods to another with knowledge of the dangers thereby created;

L.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly hired and selected the operator of the commercial motor vehicle which collided with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

3

M.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly trained the operator of the commercial motor vehicle which collided with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

N.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly supervised and monitored the operator of the commercial motor vehicle which collided with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

O.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly used an unskilled, unknowledgeable, unqualified or disqualified driver;

P.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly retained the employment of the operator of the commercial motor vehicle which collided with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

Q.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly maintained the commercial motor vehicle, including the equipment thereon, which collided with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

R.  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly inspected the commercial motor vehicle, including the equipment thereon, which collided with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

4

S. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly equipped the commercial motor vehicle which collided with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

T. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly loaded and secured the cargo on the commercial motor vehicle which collided with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

U. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly overloaded the commercial motor vehicle which collided with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

V. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly scheduled shipments and deliveries;

W. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly selected an independent contractor;

X. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly violated the Federal Motor Carrier Safety Regulations;

Y. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly violated their own company policy;

Z. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly aided and abetted their employees in the

violation of the Federal Motor Carrier Safety Regulations;

AA. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly conspired with another in the violation of the Federal Motor Carrier Safety Regulations and laws of the State of Mississippi;

BB. whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly acted in concert with another in the violation of the Federal Motor Carrier Safety Regulations and laws of the State of Mississippi;

CC. whether singular or plural, the entity or entities other than those described above whose negligence, wantonness, failure to act, breach of duty or other wrongful conduct caused or contributed to the occurrence made the basis of Plaintiffs' claims;

DD. whether singular or plural, the entity or entities other than those described above, which is the successor in interest to any of those entities described hereinabove.

Plaintiffs aver that the identities of the fictitious party-Defendants are otherwise unknown at this time, or, if known, their identities as proper party-Defendants are not known, but their true names will be substituted by amendment when ascertained.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to Miss. Code Ann. § 9-7-81, as this a civil action concerning events that occurred entirely within Lauderdale County, Mississippi.

9. Venue in this action is proper in Lauderdale County, Mississippi under Miss. Code Ann. § 11-11-3, as Lauderdale County was the county in which the events made the basis of this lawsuit occurred.

## ALLEGATIONS OF FACT

10. At approximately 1:01 p.m. on Wednesday, May 6, 2018, on U.S. Highway 49 in Lauderdale County, Mississippi, a commercial motor vehicle owned and operated by SWIFT and driven by Hermann crashed into the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy.

11. At the time of the wreck, Michael E. Murphy was driving a 2012 Harley Davidson FLSTC 103 in the single lane of Russell Mt. Gilead Road near its intersection with Interstate Highway 20 ("I-20"), travelling northwest, with Emily Murphy also seated on the motorcycle behind Michael E. Murphy.

12. At the same time and place, Defendant Hermann was operating a 2015 Kenworth T-680 commercial motor vehicle, and was turning to his right in the northwest direction on to Russell Mt. Gilead from the exit ramp of northbound I-20.

13. At the same time and place, the commercial motor vehicle operated by Defendant Hermann pulled out in front of the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy causing them to move over to the left in order to avoid a collision. However, Hermann then made a left turn to enter a truck stop near the intersection of I-20 and Russell Mt. Gilead, cutting off the Plaintiffs' path and causing them to collide with the rearmost tire on the driver's side of the commercial vehicle combination.

14. As a result of this collision, both Plaintiffs were thrown from the motorcycle.

7

15. At the same time and place, the commercial motor vehicle operated by Defendant Hermann was being utilized in interstate commerce under Defendant Swift's U.S. Department of Transportation Number 054283.

16. At the same time and place, Defendant Hermann was acting as an agent of Defendant Swift.

17. At the same time and place, Defendant Hermann was acting as an employee of Defendant Swift.

18. As a result of the events described above, Michael E. Murphy suffered serious personal injuries.

19. As a result of the events described above, Emily Murphy suffered serious personal injuries.

### LEGAL ALLEGATIONS

### COUNT ONE

20. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if set forth fully herein, and further aver that on or about May 6, 2018, on a public roadway in Lauderdale County, Mississippi, to wit: Russell Mt. Gilead at the intersection with I-20 in Lauderdale County, Mississippi, Defendant Hermann, Defendant Swift, and/or various fictitious Defendants, wrongfully and negligently:

    a. operated the commercial vehicle, causing a wreck;

    b. failed to use the knowledge and skills necessary to operate a commercial motor vehicle safely;

c. failed to use proper visual search methods as required by the Federal Motor Carrier Safety Regulations;

d. failed to use proper speed management techniques as required by the Federal Motor Carrier Safety Regulations;

e. failed to use proper space management techniques as required by the Federal Motor Carrier Safety Regulations;

f. failed to use proper hazard perception techniques as required by the Federal Motor Carrier Safety Regulations;

g. failed to yield the right of way to the motorcycle occupied driven by Michael E. Murphy and occupied by Emily Murphy;

h. failed to proceed cautiously into a roadway;

i. failed to keep a proper lookout;

j. failed to take reasonable evasive action to avoid causing a wreck;

k. inspected the commercial vehicle, including the equipment thereon;

l. violated the Federal Motor Carrier Safety Regulations;

m. violated Mississippi motor vehicle statutes;

n. violated company policy;

o. conspired with another in the violation of the Federal Motor Carrier Safety Regulations and laws of the State of Mississippi;

p. acted in concert with another in the violation of the Federal Motor Carrier Safety Regulations and laws of the State of Mississippi;

q. caused and/or contributed to the occurrence made the basis of this lawsuit; and

  r.  committed other such acts and omissions as will be shown through discovery and proven at the trial of this action.

21. At the time of the incident made the basis of this lawsuit, Defendant Hermann and/or various fictitiously described Defendants were acting in the line and scope of their employment and/or agency for Defendant Swift, Defendant Hermann and/or other fictitiously described Defendants.

22. At the time of the incident made the basis of this lawsuit, Defendant Hermann and/or various fictitiously described Defendants were acting in the line and scope of their agency relationship with Defendant Swift, and/or various fictitiously described Defendants.

23. At the time of the incident made the basis of this lawsuit, Defendant Hermann and/or various fictitiously described Defendants were acting in the line and scope of their employment with Defendant Swift and/or other various fictitiously described Defendants.

24. Defendant Hermann was acting as an agent of Defendant Swift, and/or other fictitiously described Defendants.

25. At the same time and place, Defendant Hermann was acting as an employee of Defendant Swift, and/or other fictitiously described Defendants.

26. As a direct and proximate consequence of the aforesaid wrongful and negligent conduct of Defendant Hermann, Defendant Swift and/or other fictitiously described Defendants, the Plaintiffs suffered serious personal injuries.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendant Hermann, Defendant Swift and/or other fictitiously described Defendants, for

10

compensatory damages in an amount to which a jury determines they are entitled, plus interest, attorneys' fees, and costs.

## COUNT TWO

28. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if set forth fully herein, and further avers that on or about May 6, 2018, on a public roadway in Lauderdale County, Mississippi, to wit: Russell Mt. Gilead at the intersection with I-20 in Lauderdale County, Mississippi, Defendant Swift and/or various fictitious Defendants, wrongfully and negligently:

   a. operated a commercial carrier with inadequate safety management controls;

   b. entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

   c. hired and selected the operator of the commercial vehicle which was involved in the collision with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

   d. trained the operator of the commercial vehicle which was involved in the collision with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

   e. supervised and monitored the operator of the commercial vehicle which was involved in the collision with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

   f. used an unskilled, unknowledgeable, unqualified, or disqualified driver;

   g. retained the employment of the operator of the commercial vehicle that was

11

involved in the collision with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

h. violated the Federal Motor Carrier Safety Regulations;

i. violated Mississippi motor vehicle statutes;

j. violated their own company policy;

k. aided and abetted their employees in the violation of the Federal Motor Carrier Safety Regulations;

l. aided and abetted their employees in the violation of the Mississippi motor vehicle statutes;

m. conspired with their drivers in order to violate the Federal Motor Carrier Safety Regulations;

n. conspired with their drivers in order to violate the Mississippi motor vehicle statutes;

o. acted in concert with their drivers in order to violate the Federal Motor Carrier Safety Regulations;

p. acted in concert with their drivers in order to violate the Mississippi motor vehicle statutes;

q. failed to implement and enforce means to prevent its drivers and equipment from operating unsafely or in violation of applicable laws, regulations, and/or rules that a reasonable, prudent motor carrier would have implemented and enforced;

r. maintained the commercial vehicle, including the equipment thereon, which was involved in the collision with the motorcycle driven by Michael E.

Murphy and occupied by Emily Murphy;

s. failed to ensure that the commercial vehicle which was involved in the collision with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy had the parts and accessories necessary for safe operation;

t. inspected the commercial vehicle, including the equipment thereon, which was involved in the collision with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

u. equipped the commercial vehicle which was involved in the collision with the motorcycle driven by Michael E. Murphy and occupied by Emily Murphy;

v. caused and/or contributed to the occurrence made the basis of this lawsuit; and

w. committed other such acts and omissions as will be shown through discovery and proven at the trial of this action.

29. As a direct and proximate consequence of the aforesaid wrongful and negligent conduct of Defendant Swift and/or other various fictitiously described Defendants, Plaintiffs have been injured and damaged as set out hereinabove.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against Defendant Hermann, Defendant Swift and/or various fictitiously described Defendants for compensatory damages in an amount to which a jury determines they are entitled, plus interest, attorneys' fees, and costs.

13

## COUNT THREE

30. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if set forth fully herein and further aver as follows:

31. The above-described conduct of Defendant Hermann, Defendant Swift and/or various fictitiously described Defendants, was willful, wanton and reckless.

32. As a direct and proximate consequence of the aforesaid willful, wanton, and reckless conduct of Defendant Hermann, Defendant Swift and/or other various fictitiously described Defendants, Plaintiffs have been injured and damaged as set out hereinabove.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendant Hermann, Defendant Swift and/or other various fictitiously described Defendants, for punitive damages in an amount to which a jury determines they are entitled, plus interest, attorneys' fees, and costs.

RESPECTFULLY SUBMITTED,

_____
Oby T. Rogers (MS Bar No. 5647)
Attorney for Plaintiffs

**OF COUNSEL:**

Post Office Box 700
Collins, Mississippi 39428
Telephone: (601)-765-1000
Facsimile: (601)-765-1008
E-mail: ObyT1000@aol.com

Cooper Ellenberg (MS Bar No. 104721)
1401 Doug Baker Blvd
Suite 107 492
Telephone: 205-908-1790
Fax: (205) 980-8346
Email: cooper.ellenberg@gmail.com

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY

DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

Terry L. Hermann
118 Smith Avenue
Warsaw, Kentucky

Swift Transportation Co., LLC
c/o National Registered Agents Inc.
645 Lakeland East Drive
Suite 101
Flowood, MS 39232

Oby T. Rogers (MS Bar No. 5647)
Attorney for Plaintiffs

15